case 18-4000. Ms. Shen, Ms. Williams. Ms. Shen, good morning. Good morning, Your Honors, and may it please the Court. My name is Kathleen Shen, and I represent the appellant in this matter, Mr. Stephen McRae. Since the government's withdrawn its motion to dismiss, I'll proceed directly to the merits of this case, which is that the finding that Mr. McRae was incompetent was clearly erroneous because it was based on internally inconsistent factual findings. Specifically, the finding that he was incompetent was internally inconsistent with the district court's prior finding that Dr. McConough's expert report was credible. In that report, Dr. McConough diagnosed Mr. McRae with a personality disorder, and she addressed a number of his symptoms, including his abstract responses to questioning and his suspicious view of the courts and his lawyer, and she attributed those symptoms to his personality disorder and concluded that he was competent to stand trial. The district court also found credible the contrary report of Dr. Moulton, who concluded that Dr. McConough was wrong about the diagnosis, wrong about Mr. McRae's symptoms, and wrong about the conclusion that he was competent to stand trial. Dr. Moulton's contrary conclusion was not based on the passage of time, but rather based on metastasized, if you will. Yes, Your Honor. While he mentions that possibility, he goes on to identify a number of ways in which Dr. McConough's reasoning and interpretation of Mr. McRae's symptoms are wrong. He also says, you know, we are viewing some of these symptoms differently. For example, he specifically identifies Mr. McRae's description of the term decade as meaningless, and he says this is emblematic of the kind of meaningless responses that he's been getting from Mr. McRae, which he construes as evidence of Mr. McRae's being incompetent to stand trial because he's unable to assist his attorney, which is directly contrary to Dr. McConough's interpretation of those kinds of responses, which she says are evidence that he's actually smarter than the tests indicate. What is our standard of review here? What is our standard of review? We're reviewing this for clear error, and so ordinarily, you know, a district court is free to credit one report over another, and I understand that. However, in this case, the district court's findings don't make sense. They're internally inconsistent. Well, how are they internally inconsistent if they occurred at different – if the credibility that she assigned to each testimony occurred at the judge's discretion to make the final decision on two semi-conflicting testimonies? I have two responses to that, Your Honor. Okay. First, the district court doesn't say that that's what he's doing. While he does identify Mr. Moulton's – or Dr. Moulton's report as more recent, he also says that Dr. Moulton's report simply raises questions, and he doesn't say that he's crediting Dr. Moulton's report over Dr. Moulton's report, but rather says, specifically, I believe, that, you know, if we all agree it would be helpful to send him off for more treatment, I'm going to go ahead and do so. Jen, I'd like you to give me a 30,000-foot view on this case, as the expression goes. The defendant is charged with a crime. Yes. And his defense counsel – was that you? No. Defense counsel says, I want to have my client evaluated to see if he's competent to stand trial or to assist me, et cetera. And the court agrees, orders an evaluation. The evaluation comes back incompetent. Competent. Excuse me. Competent. Then it goes back for reevaluation, and the second evaluation comes back how? The second evaluation comes back competent. And then at that point – Well, that's what I thought. I thought the first one was incompetent, the second one was competent. Sorry, I apologize. So it's vice versa. Vice versa. All right. So let's flip it. And didn't – I forgot what I was going to ask. Let me just kind of finish. So it's competent, incompetent, reevaluation, he's now competent, or is still incompetent at this point? So at the point of the hearing, which I believe was November 2017, there had been two evaluations of Mr. McRae. One conducted by BOP psychiatrist Dr. McConough, which found that he was competent to stand trial. And then a few months later, at defense counsel's request, a second evaluation was – I was going to ask, it was at defense counsel's request, which isn't that some indication that defense counsel was having trouble communicating with his client? Yes, Your Honor. Defense counsel in this – at the hearing, you know, he was the person who was requesting the competence in hearing. However, a couple of points on that. First, the district court never says that he's relying on the defense counsel's representation of Mr. McRae as incompetent in order to make his finding that Mr. McRae is incompetent. But isn't that usually what – why you have the hearing? Now you see why I'm trying to get at the 30,000-foot view here. So the purpose of the 42-41D hearing is to determine whether, by a preponderance of the evidence, the defendant is presently incompetent to stand trial. Was presently or is presently? Is presently. At the time of the hearing, whether he is incompetent to stand trial. So the district court is required to find that at the time of the hearing he's incompetent. And the reason the district court is required to make that finding is because the consequences of him being found incompetent is that he is going to be sent for, you know, potentially involuntary medical treatment for a period of four months. That entails, as this court has recognized, a significant and immediate loss of liberty, as well as the stigma and opprobrium that entails a finding of somebody as – Yes. So Mr. McRae has appealed the – he pro se appealed the finding that he was incompetent. He – But he filed it pro se. He filed it pro se. And that was from the second examination. The first examination by the psychologist said he's competent. Yes. The second by the psychiatrist said he's incompetent. And he appealed that pro se. He appealed – The second incompetence finding pro se. Yes or no? That's not exactly what happened. So what happened was two reports were prepared for a competency hearing at which the district court was required to make the finding whether or not Mr. McRae was incompetent. One report was four months earlier than the other, correct? That's correct. All right. And so at that hearing the district court was presented with these two reports. He said that they were both credible. And rather than determine which report was more credible than the other or to say, you know, when the evidence is in equipoise we don't have a preponderance of the evidence and therefore the standard to commit Mr. McRae for a period of four months hasn't been met, he said it would be – you know, we all agree it would be easier to send him or it would be helpful to send him off for treatment, therefore I will send him off for treatment. Is there evidence in this record about the nature of bipolar disease? Because the nature of it is people do go like this. Yes, Your Honor. Especially if they're supposed to take medication and they don't. So is there evidence in this record about that? You know, I can't speak directly to the nature of bipolar disorder. However – Hadn't he been diagnosed as bipolar in 2003 or something like that? He did have a past diagnosis of bipolar, which Dr. McConnell rejected and she said that the evidence, you know, based on her observation of him over a period of time, did not support a diagnosis of bipolar disorder. I thought from the briefs that the defendant today is – Back to competence. Yeah, is competent. His period of evaluation at FMC Butner has ended and they concluded that he was competent. Okay, so from a criminal standpoint then, what relief can we get? So this is an unusual proceeding. Well, it's very unusual, right. This Court has previously held that these cases are not moot because of the – Well, we probably felt that this is complicated, so all right, let's pass that. What relief can we give? The relief we're asking for is simply that the order finding him incompetent be vacated, as clearly erroneous. The previous one? The one that found him incompetent. Yeah, November 2017 finding made by the District Court that he was presently incompetent and committing him to the custody of the attorney. But his defense counsel had asked for that evaluation. At said that he wanted to be – his client evaluated to see if he was competent or incompetent. So now you have one that says he's competent, one that says he's incompetent, and now you have the defense lawyers say, no, I don't want one that says he's incompetent, I want one that says he's competent. Different defense lawyer. Yes, Your Honor. The other lawyer comes in. Okay, now we've got two defense lawyers. I mean, what are we supposed to do? The other point I'd like to make – No, make another point. What are we supposed to do? I'm asking that you hold the District Court to its obligation to make clear findings of facts that are not clearly erroneous in the context of this proceeding. The District Court was required to find that Mr. McRae was competent or incompetent by a preponderance of the evidence before deciding whether to send him off to – for medical treatment to restore him to competency. The fact that his – And what does your client get out of that? He's already been sent off for medical treatment. Right. So this is – this is court-recognized in Boyce-Grayne 1. This is the kind of proceeding that is capable of repetition yet evading review. I'll bet you that. I think we have – this hearing is capable of repetition yet evading review. I'd like to know what specifically you want our opinion to say. I would like the opinion to say that this finding of fact was clearly erroneous and that – And that the guy was competent all along and that the lawyer shouldn't have asked for a competency evaluation in the first place? No. Just simply that the District Court couldn't find that Mr. McRae had been credibly found competent and then conclude that he was incompetent. Well, the answer to that is the nature of bipolarism. The District Court never says that. And that sometimes you don't have this problem and sometimes you do. Respectfully, Your Honor, nothing in the record indicates that that's the basis of the District Court's findings. But there was a psychiatrist report, as Judge Kelly notes, that says incompetent. The District Court takes that and says, I find on that basis that he's incompetent. What do you want us to do about that? I mean, to say, no, there was no – you're saying no credible basis for the District Court to make that finding when there's a psychiatric report saying that? The District Court could have chosen to credit one over the other. However, in this case where he said they were both credible – But they could have been both credible at the time they were done four months apart. Not in this case, Your Honor, because the report finding Mr. McRae incompetent specifically said the first report was wrong. He didn't simply say, oh, you know, this must be because Mr. McRae's symptoms have worsened. He identified a number of ways in which the first doctor had misinterpreted his symptoms. And, you know, there were a lot of things the District Court could have done to resolve the discrepancy. As the District Court acknowledged during the hearing, he could have asked Mr. McRae or questioned him. In order to resolve these doubts, he could have considered Mr. McRae's demeanor. But he didn't, and neither did the attorney. And so how does that undermine this psychiatrist's report? He disagreed with the prior expert. That's right. And so when you have two reports that are contradictory, and they're both credible, that doesn't preponderate. And they're four months apart, and you're dealing with bipolarism. The District Court doesn't find that Mr. McRae has bipolar disorder and doesn't explain his decision to rely on the subsequent report on the basis of Mr. McRae's bipolar disorder. Now, do you appear here kind of in the capacity as like a guardian ad litem or something like that? Or are you appearing purely as a criminal defense lawyer? I'm appearing as Mr. McRae's attorney. He appealed. And what is your evaluation of the case? Is he competent or incompetent today? Subsequently been held competent. Well, I know that. But, I mean, what is counsel's view? I want to know why she's appealing this case. Mr. McRae is appealing this case because he or her client wants her to. And going to this point, one of the points I'd like to make in connection with the lower court is when the defense counsel requested the incompetence hearing, he was not acting as Mr. McRae's advocate strictly. He was also acting as an advocate, as an officer of the court. So it's not strictly appropriate to impute defense counsel's positions to Mr. McRae in this particular context because, as this court has held, the defense counsel have an independent obligation to the court to raise competency issues to the court. Well, counsel, didn't Dr. Moulton note that it was more likely he was more severely affected now than when she assessed him? He said it was possible that his symptoms had changed, but he also said he went on immediately to say that specifically, that it may likely be more severe than when she assessed him. I'm just going to look to see exactly what he said. He said, it says may likely, and then he says it is also possible that Mr. McRae's symptoms were not identified by Dr. McConough as rendering him incompetent to stand trial. All right, so why couldn't the court accept part of what the first one said, okay, but I want to check him again and agree with the second report. I've never heard of a court saying, well, I can't decide this issue because there's evidence on both sides. Go away. You can't do that. You've got to call it one way or the other. You may respond. We'd like to give you additional assistance. I have a question. Okay, so I agree that the district court could have done that, but the record doesn't indicate that that's what he did. Well, the record indicates that the doctor made a conclusion, or that the judge came to a conclusion and put the guy back in for additional evaluation. It wasn't strictly, two points. The conclusion he was required to make wasn't just that additional evaluation was needed, but that Mr. McRae was, at the time of the hearing, incompetent to stand trial. Respectfully, then, Judge Kelly, with your permission. Yes. The district court emphasized the recency or the proximity of his examination versus the previous examination in explaining the finding. There is no internal inconsistency between that. Your Honor, I would view this as he's strictly describing Dr. Moulton. One thing is the district court is another. As most recent. We're going to, since we've peppered you, we're going to do a minute of rebuttal, but a minute. Counsel, your time has expired and we're ready to hear from your colleague. Ms. Williams, help us out of the fog. By starting kind of like at the beginning in Genesis and going through instead of starting in the middle. Please. May it please the Court, Jennifer Williams for the United States. This case started with one defense attorney requesting an evaluation. Mr. Lamar Winward. An evaluation was done by a psychologist with the Bureau of Prisons. Approximately four months later, Mr. Winward withdrew and Mr. Kramer was appointed Mr. McCrae's new counsel. He almost immediately requested a second evaluation, which was performed by an independent psychiatrist. The psychiatrist evaluated Mr. McCrae on two occasions. One at the end of September and one at the end of October. And then he wrote his report at the end of October, finding Mr. McCrae incompetent to stand trial. The district court then had a hearing. At the hearing, both Mr. McCrae's counsel and the government agreed to some extent that further evaluation would be helpful. Based on both counsel's representations and the report of the second report by Dr. Moulton, the district court made a finding that Mr. McCrae was incompetent to stand trial, committed him for the four months for further evaluation. At the end of which, Mr. McCrae was found competent to stand trial and things have progressed from there. Right. Now, in the meantime, this appeal is filed. Yes. So his trial is going forward. I don't believe it has started yet, but yes. Right. Now, as Judge Anderson used to say, we're not a debating society. We look for what the issue is. We decide it and find out what relief we can give to determine whether a case is moved or not moved. Now, from your understanding of the briefs that the appellants filed here, what is the relief that you understand that we are asked to give? To vacate the district court's initial order. Intermediate. Intermediate order finding Mr. McCrae incompetent and committing him to the four-month custody for further evaluation. Right. He has already completed that evaluation, but that is my understanding of the relief requested. And my understanding of this court's case law is that that is a proper interlocutory appeal. But that is what he is asking for. Did the district court certify this case for interlocutory appeal? It doesn't have to be. It's what you're saying. You have a right to appeal. But did the district court certify this case for interlocutory appeal? I don't believe it did. All right. Now, if the court did not certify it for interlocutory appeal, what is your legal position as to whether the case is properly before us on interlocutory appeal of that issue? Our reading of this case prior decision in Voigt-Gegrain is that it is proper. This is a case where he will otherwise never get review of this intermediate finding that he was incompetent. But what is the relevance to that as to his ability to now stand trial? I don't believe it has any relevance to his ability to now stand trial. I suppose in the future there was at some point a finding that he was incompetent. I suppose that could have some sort of collateral effect on some – I don't know exactly in what way, but I don't believe it has any relevance to his current ability to stand trial. But I suppose having a finding like a record. It's a criminal case. Have we been asked to enter some kind of declaratory judgment on this second report? Is your question, is that what this case is about? No. Is there any – What's the impact on this criminal case? Is that what you're asking? Yes. My belief is that there is no impact on the criminal case. But you already answered that question. My question was, given that there is no impact on this criminal case, as I understand your position, then my question is, are we being asked to enter some other type of relief by form of declaratory judgment or some form of being asked to declare the gentleman was incompetent all along? No. I believe what he is asking for is for the order of the district court, the intermediate order of the district court, to no longer be in his record. I suppose there might be some collateral consequences. So he's moving to expunge the record of that? Yes. That at some point, somebody found him incompetent. Right. And he doesn't want that. I don't know exactly what collateral consequences it could have. I suppose there could be some. I don't believe that there are any with relation to this particular case because he has now been found competent and trial is set to proceed. Thank you. But I do want to – It would be a declaratory judgment. I beg your pardon? So it would be a declaratory – we would just be reversing something that no longer has an impact on the criminal case? Well, even if it doesn't have an impact on the criminal case, I suppose it's possible that it would have an impact having a finding of incompetency out there. Well, I understand. I mean, for civil purposes, maybe so. But I'm just asking – this is a criminal case? Yes, this is a criminal case. Just making sure my head is okay on this. All right. So it's a criminal case. We're – I've asked both sides, is there some impact on the impending criminal trial? Well, I don't believe in Boyger Green, and that's why I believe we're bound by Boyger Green. There wasn't there either. In that case, I believe he had already pled guilty. What's the name of that case? I can – Or give us the site if you – Because I'm probably mispronouncing it. We cite to it – a defendant cites to it in his brief as well. There were two. It's B-O-I-G-E-G-R-A-I-N, and we reference it in our brief at least. It is at footnote – It's at 12 – 122 Bed 3rd. And in that case – I'll find it. That was the second part. Okay. So here it is. It's in the brief. 122 Up 3rd, 1345. There were two. The first one held that a 4241D commitment order is appealable under the collateral order doctrine, and the conclusion of the challenge commitment does not moot the underlying case or controversy. And in that case, the court held that the appeal from the commitment order did not become moot, even though the district court had since found the defendant competent and accepted his guilty plea. Yeah, but in that case – So that case – Boregrain is rooted on the proposition that there would be collateral consequences to that trial, to the impending trial. He says the court said, quote, although the defendant's commitment has concluded, there is no question that a justiciable case or controversy is presented that will not be mooted by his release. Yes, but – Because commitments ordered pursuant to 4241D will often be concluded before the appellate process is complete. The issue presented here is capable of repetition, yet evading review. That's why you can do it interlocutory. That's my question to you is, in this case, can it have any effect on this case? But there was – with respect, there was a second Boregrain case, 155F3-1181, the next year. I don't have that in front of me. Tell me about that one. So in that one, that is also cited in the same footnote in our brief on pages 14 to 15. In that case, he had already pled guilty. So he was found competent. He pled guilty. And in that circumstance, the court held that it still had jurisdiction over the issue, even though in that case the criminal case was complete. And based on that case, that's why we didn't pursue – we conceded that the court properly had collateral jurisdiction here. Well, in that situation, though, he could have been incompetent and then should not have pled guilty. So it would have had a real consequence. Well, no. He was found competent after that, and then he pled guilty. Well, but yeah, but then he appealed that competency hearing or the competency judgment. I believe it was the same circumstances here. I believe he was initially found incompetent. His competency was restored. He then pled guilty. And he was challenging the initial intermediate finding of incompetency. All right. It feels like we're dancing on the head of a pin, but I guess if we read that case, we'll figure out why. We felt like, especially the second Boyger Green case, under that we had to concede that the court had jurisdiction, that this was a proper interlocutory appeal. Well, I trust that there will be an in-limiting hearing before the commencement of the criminal trial at which government and defense counsel will both agree that evidence of this incompetency trial finding, previous incompetency finding, shall not be admitted into evidence in the trial itself. Because if you do, it's just going to infest the trial no end, it seems to me. Well, and he was since found competent, which is why the trial can proceed. So the issue shouldn't come up. No. It shouldn't. Unless, because of the nature of bipolars. Well, yes. And unless because of the nature of counsel, sometimes they get overzealous and they'll bring it up and they shouldn't. I understand that. If the court wants to hear about. No. What do we not want to hear? Tell us what you don't want us to know. On the merits of the appeal, the district court did what it was supposed to do. It had conflicting views of the evidence. It made a reasonable choice. This court's standard is clear error. It was certainly not clearly erroneous. Given the passage of time between the two reports, and given the fact that both defense counsel and the prosecutor agreed that a finding of incompetency would be helpful and further, it would be helpful for Mr. McCrae to undergo further evaluation. Under those circumstances and those facts, the district court's incompetency finding was not clearly erroneous. Well, teasing out Judge Seymour's point, so if this defendant is in fact bipolar and goes back and goes back to a status of incompetent, but he doesn't want to be found incompetent, he's already ordered counsel to not allow that to happen, what's counsel going to do? I'm not sure. I'm sorry. Could you repeat that question? Given that the defendant has instructed counsel to appeal any finding of incompetency, assuming Judge Seymour's theoretical question panned out, and this gentleman slips back because of bipolar or for whatever reason into an incompetent status, what is counsel supposed to do? Seek incompetence when he's been directed not to? If we, as a matter of rule of law, enter some judgment, it seems to me that that becomes the rule of the law, the case for the time being, I guess. Well, but if circumstances change and the lawyer can't communicate with him, doesn't the lawyer have an obligation to raise it? The lawyer is also an officer of the court, and circumstances change and he believes, which I would point out that Mr. McCrae had two counsel during the period, during these four months, and they both thought that he should be evaluated for incompetence. So no lawyer during these proceedings thought he was competent, thought that he could properly assist in his defense. The only person who apparently thought that was Mr. McCrae himself. And the FPD? Well. Thank you. Yes. If the Court has nothing further, thank you. We ask that you affirm. Next case. I'll be as quick as I can. So I understand you have a lot of questions about why someone would seek to be found competent when he could be found incompetent. And, you know, I just want to draw attention to the negative consequences of this finding. No, no. On that point, from my point of view, I can certainly understand why they may want to do that, but it seemed to me that that would be under some other civil proceeding. And the consequences to Mr. McCrae, in addition to the lengthy delay in his brief, he's currently, he's already been in pretrial detention for two years. And I'd also draw your attention to the circumstances in the Second Circuit's case to Yano, where repeated competency evaluations, which resulted from the agreement between defense counsel and prosecutor and the judge, were found to be improper and resulted in a speedy trial act violation. So we would just say that this is an important finding. The district court was obligated to conduct an independent review of the facts, and we would ask that his finding be vacated as clearly erroneous. Thank you. Thanks. Counsel are excused. Case is submitted.